IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD W. BOBACK, ) | |
| ) | No. 23 C 2326 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Edward Boback appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

**Background**

On May 19, 2021, following a remand by this Court and the Appeals Council, the ALJ denied plaintiff's application for benefits. (R. 636-52.) Plaintiff did not appeal the decision to the Appeals Council, and the Appeals Council did not otherwise assume jurisdiction, leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from August 9, 2016, the alleged onset date, through March 31, 2021, his date last insured ("DLI"). (R. 639.) At step two, the ALJ found that, through the DLI, plaintiff had the severe impairments of bipolar disorder and anxiety. (*Id.*) At step three, the ALJ found that, through the DLI, plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (R. 641.) At step four, the ALJ found that, through the DLI, plaintiff was unable to perform any past relevant work but had the RFC to perform a full range of work at all exertional levels with certain non-exertional limitations. (R. 644, 651.) At step five, the ALJ found that, through the DLI, jobs existed in significant numbers in the national economy that plaintiff could perform, and thus he was not disabled. (R. 651-52.)

2

Plaintiff contends that the limitations of the ALJ's RFC are not supported by the record. With respect to those limitations, the ALJ said:

> [Plaintiff] can meet the basic mental demands of competitive, remunerative, simple one to two step tasks (consistent with Specific Vocational Preparation 1 and 2 jobs) on a sustained basis, particularly in settings of low social contact, including the abilities to understand, carry out, and remember simple instructions; make simple work-related decisions; respond appropriately to supervision, coworkers, and work situations; and deal with changes in a routine work setting if introduced gradually. The work should involve occasional interaction with the public and coworkers.

(R. 644.) Plaintiff says there is no evidence to support the ALJ's conclusion that jobs consisting of one-to-two-step tasks are equivalent to jobs with an SVP of 1 or 2.

SVP is "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." Dictionary of Occupational Titles, App'x C, https://occupationalinfo.org/appendxc_1.html#II (last visited Feb. 13, 2024). Jobs with SVP 1 require a "[s]hort demonstration only," and jobs with SVP 2 require "[a]nything beyond short demonstration up to and including 1 month." *Id.* Because it is possible that SVP 1 and 2 jobs may consist of more than two steps, the ALJ should not have treated one-and-two step jobs as equivalent to SVP 1 and 2 jobs.

The error is harmless, however. Except for the notation about SVP, the RFC tracks the opinions of the state psychologists. (*See* R. 88, 101.) Further, the vocational expert ("VE") testified that, with the one-to-two-step and other RFC limitations, plaintiff could work as, inter alia, a laundry laborer, a job with an SVP of 2. (R. 693); *see* Dictionary of Occupational Titles 361.687-018, *available at*, https://occupationalinfo.org/36/361687018.html (last visited Feb. 13, 2024). The VE also testified that there are about 160,000 laundry laborer jobs in the country (R. 693), which is a significant number, as a matter of law. *See Weatherbee v. Astrue*, 649 F.3d 565,

3

572 (7th Cir. 2011) (stating that 140,000 positions nationally is "well above the threshold for significance"). Because the record supports the ALJ's conclusion that there are a significant number of one-to-two step jobs nationally that plaintiff can perform consistent with his RFC restrictions, her inclusion of SVP in the RFC was harmless.

Plaintiff also argues that the ALJ erred in failing to consider how plaintiff's crying episodes and excessive talking impacted his ability to work. *See* SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence."). The Court disagrees. The ALJ acknowledged plaintiff's testimony that he has manic symptoms four or five days a month, which include excessive talking and episodes of crying. (R. 645, 647-48.) But she found that the evidence as a whole did not support his allegations because it showed that: (1) he generally had normal affect, behavior, and speech when he presented to treaters; (2) his symptoms responded well to medication, though he was often noncompliant; (3) there were "very few documented observations of [his mania];" and (4) he spent time with family and friends, went to concerts, sporting events, took vacations, and had custody of his daughter every other weekend. (R. 642-43, 646-50.) Because the ALJ explained why she did not address plaintiff's alleged talking and crying symptoms in the RFC, her failure to do so is not a basis for a remand.

Finally, plaintiff contends that the ALJ's subjective symptom analysis is flawed because she "offered no analysis of why any evidence in particular was inconsistent with [plaintiff's] statements." (ECF 16 at 11.) But the ALJ is not required to make "a separate credibility assessment of each statement a claimant makes concerning [his] symptoms." *Boeck v. Berryhill*, No. 16-C-1003, 2017 WL 4357444, at *16 (E.D. Wis. Sept. 30, 2017). Rather, a symptom analysis

4

will be upheld unless "it lacks explanation or support." *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). That is not the case here. As discussed above, the ALJ adequately explained why she did not find plaintiff's subjective symptom allegations to be consistent with the evidence. That is all she was required to do.

## Conclusion

For the reasons set forth above, the Court affirms the Commissioner's decision and terminates this case.

**SO ORDERED.**             **ENTERED:** February 14, 2024

*[signature: M. David Weisman]*

**M. David Weisman**
**United States Magistrate Judge**